UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
-----------------------------------------------------------------------X
BRANDON CARTER,

                            Plaintiff,

TVI, INC; TVI, INC *d/b/a* SAVERS THRIFT STORE;
TVI, INC, *d/b/a* TVI (PA), INC; JOSH MANNION,
*individually*; and JAMES BARCLAY, *individually*;

                            Defendants.
-----------------------------------------------------------------------X

Civil Action No.

**COMPLAINT**

Plaintiff Demands
a Trial by Jury

Plaintiff, BRANDON CARTER, as and for his Complaint against the above Defendants respectfully alleges upon information and belief as follows:

## NATURE OF THE CASE

1. Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166 ("Title VII")) and seeks damages to redress the injuries Plaintiff has suffered as a result of being sexually harassed, discriminated against on the basis of his sex/gender and sexual orientation, and retaliated against by his employer for complaining of harassment and discrimination.[1]

## JURISDICTION AND VENUE

2. This action involves a Question of Federal Law under Title VII of the Civil Rights Act of 1964.

---

[1] As Plaintiff's Causes of Action under Pennsylvania State Law are not yet ripe, Plaintiff reserves the right to amend his Complaint to include such Causes of Action once he is able.

3. Venue is proper in this district based upon the fact that Plaintiff was employed by Defendants within the County of Montgomery, Commonwealth of Pennsylvania, within the Eastern District of Pennsylvania. Additionally, the events in issue took place in Montgomery County, Pennsylvania within the Eastern District of Pennsylvania.

4. On or about August 11, 2017, Plaintiff dual-filed charges with the EEOC and PHRC against Defendants as set forth herein.

5. On or about February 9, 2018, the Equal Employment Opportunity Commission issued Plaintiff his Notice of Right to Sue.

6. This action is being commenced within 90 days of receipt of the EEOC Right to Sue Letter.

## PARTIES

7. Plaintiff BRANDON CARTER (hereinafter also referred to as Plaintiff and "CARTER") is an individual homosexual male who is a resident of the Commonwealth of Pennsylvania.

8. At all times material, Defendant TVI, INC, is a foreign business corporation formed under the laws of the state of Washington and duly licensed to do business within the Commonwealth of Pennsylvania.

9. At all times material, Defendant TVI, INC operates under the licensed fictitious name of "TVI (PA), INC" in the Commonwealth of Pennsylvania.

10. At all times material, Defendant TVI, INC operates retail stores under the licensed fictitious name of "SAVERS THRIFT STORE" within the Commonwealth of Pennsylvania.

11. At all times herein, Defendants TVI, INC; TVI, INC *d/b/a* TVI (PA), INC; and TVI, INC *d/b/a* SAVERS THRIFT STORE (hereinafter collectively referred to as Defendants and/or "SAVERS") were Plaintiff's joint and solo employers.

12. At all times material, Defendants operated a "Savers" thrift store located at 2708 Dekalb Pike, East Norriton, PA 19401 (hereinafter the "East Norriton store.")

13. At all times material, Defendant JOSH MANNION (hereinafter "MANNION") was an employee of Defendant SAVERS.

14. At all times material Defendant MANNION was employed as a Supervisor by Defendant SAVERS at the East Norriton store.

15. At all times material, Defendant MANNION held supervisory authority over Plaintiff.

16. At all times material, Defendant JAMES BARCLAY (hereinafter "BARCLAY") was an employee of Defendant SAVERS.

17. At all times material Defendant BARCLAY was employed as a Store Manager by Defendant SAVERS at the East Norriton store.

18. At all times material, BARCLAY held supervisory authority over Plaintiff.

## MATERIAL FACTS

19. In or around November 2016, Plaintiff began working for Defendant SAVERS as a Production Team Member at their East Norriton store.

20. Throughout the course of his employment with Defendant SAVERS, Plaintiff was subjected to numerous acts of sexual harassment, sex/gender and sexual orientation discrimination, retaliation, and was forced to endure a hostile work environment.

21. Within the very first several weeks of beginning his employment with Defendants, Defendant MANNION began subjecting Plaintiff to regular unwelcome sexual conduct and comments.

22. By means of example, in or around mid-November 2016, while they were at work, MANNION noticed Plaintiff trying to fix his zipper. Later that day, MANNION told other employees at the store that Plaintiff had an erection.

23. As a result of MANNION's comments, Plaintiff's co-workers began to laugh and make "jokes" at Plaintiff's expense. Plaintiff felt extremely humiliated, degraded, victimized, embarrassed and emotionally distressed.

24. In or around the end of November 2016, Plaintiff expressly reported the above harassment to Defendant BARCLAY and Defendants' Production manager, Rich Smith, in addition to the discomfort that he felt as a result of Defendant MANNION's inappropriate and offensive comments and conduct.

25. However, Defendants failed to properly investigate or take reasonable action in response to Plaintiff's report.

26. Defendant MANNION's behavior continued unabated. In or around early January 2017, MANNION sent graphic nude photos of himself to Plaintiff via the "Grindr" mobile application.

27. Furthermore, around that same time, Plaintiff witnessed MANNION state to another employee in his presence that Plaintiff was "too gay to function." Plaintiff was highly offended by the comment.

28. Plaintiff was out of work the next day for a doctor's appointment. Upon his return to work, MANNION asked him if his absence from work was because of his comments the

day before. When Plaintiff replied that it was, MANNION replied angrily "so that's how you want to play?" and violently slammed the door.

29. Soon after, Plaintiff again reported the ongoing harassment to Defendant BARCLAY, and also to SAVERS' Human Resources department.

30. The next day, Rich Smith called both Plaintiff and Defendant MANNION to his office to discuss what had occurred. When Plaintiff explained what had happened, MANNION proceeded to yell that Plaintiff was lying, and stated "I have to get out before I punch him [Plaintiff] in the face." Upon being removed from the office, Defendant MANNION punched a wall, resulting in noticeable damage.

31. Soon after, Defendant SAVERS terminated MANNION, reportedly for his conduct in the office that day.

32. Almost immediately after MANNION was terminated, Defendant SAVERS began treating Plaintiff differently. Defendant demoted Plaintiff to a "packing" position, which was a menial task that was considered to be a lower-tier position. Furthermore, Defendants accused Plaintiff of theft without basis on another occasion.

33. Moreover, even after Defendant MANNION was terminated, he continued to visit the East Norriton store and would menace Plaintiff by staring angrily at him and making threatening gestures. When Plaintiff reported such, Defendants' action was simply to tell Plaintiff to go to a different area of the store and tell management about it if he returned.

34. Furthermore, on another occasion, when Plaintiff reported to a manager named Lori (Last Name Unknown) ("Lori") about feeling unsafe, Lori simply stated that "nobody wants to hear your gossip, girlfriend." Plaintiff was highly offended by Lori's discriminatory

comment, and stated in response that "I'm not a girl." Plaintiff also reported this incident to management, but never received a response.

35. On or around June 8, 2017, Defendants constructively discharged Plaintiff. Defendants made conditions so onerous, abusive, and intolerable for Plaintiff that no person in Plaintiff's shoes would have been expected to continue working under such conditions and such that Plaintiff's resignation was devoid of choice or free will.

36. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed and emotionally distressed.

37. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff also suffered future pecuniary losses, emotional pain, humiliation, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

38. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages as against the Defendants.

39. The above are just some examples, of some of the sexual discrimination and harassment to which Defendants subjected Plaintiff.

40. Defendants have exhibited a pattern and practice of not only tolerating discrimination and retaliation, but also failing to investigate and cure the wrong once it has been reported.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII

41. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint

42. Title VII states in relevant parts as follows: § 2000e-2. *[Section 703]*(a) Employer practices It shall be an unlawful employment practice for an employer – (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."

43. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e *et seq.*, by discriminating against Plaintiff because of his sex/gender.

## AS A SECOND CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII

44. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

45. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. $2000e-3(a) provides that it shall be unlawful employment practice for an employer:

"(1) to … discriminate against any of his employees … because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

46. Defendants retaliated against Plaintiff because he opposed and reported Defendants' unlawful employment practices.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, including but not limited to all emotional distress and back pay and front pay, punitive damages, liquidated damages, statutory damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated: Philadelphia, Pennsylvania
May 7, 2018

**DEREK SMITH LAW GROUP, PLLC**
*Attorneys for Plaintiff*

By: _____
Nathaniel N. Peckham, Esq.
1845 Walnut Street, Suite 1601
Philadelphia, Pennsylvania 19103
Tel. (215) 391-4790
nathaniel@dereksmithlaw.com